859 So.2d 81 (2003)
Dewey RICHARDSON
v.
Pam RICHARDSON
No. 2002 CA 2415.
Court of Appeal of Louisiana, First Circuit.
July 9, 2003.
*83 Marcus T. Foote, Baton Rouge, Counsel for Plaintiff/Appellant Dewey Richardson.
Karen D. Downs, Baton Rouge, Counsel for Defendant/Appellee Pamela Perkins Richardson.
Before: KUHN, DOWNING and GAIDRY, JJ.
KUHN, J.
Plaintiff-appellant, Rodney Dewey Richardson, appeals a judgment dismissing his rule for modification of child support on the trial court's motion raising the peremptory exception of no cause of action. We reverse and remand for further proceedings consistent with this opinion.

FACTUAL AND PROCEDURAL BACKGROUND
On October 23, 2000, appellant was divorced from appellee, Pam Richardson. On that same date, the parties entered into a consent judgment and joint implementation plan, which purported to resolve all the parties' disputes. Among the express provisions the parties agreed to were the following stipulations addressing appellant's obligation of child support for the parties' only child, Joshua:
[Appellant] shall pay unto [appellee] the sum of [$1,000.00] per month as child support for the minor child, said sum due and payable in semi-monthly installments of [$500.00] on the first and fifteenth of each month[.]
Further, [appellant] shall establish an IRA for the minor child and deposit *84 [$100.00] per month into the minor child's IRA.
The foregoing sums shall not be subject to a reduction and the foregoing obligations will terminate when the minor child reaches the age of [18] or no later than [19] if the minor child is still in secondary education. (Emphasis added.)
On April 10, 2002, appellant filed a rule to modify child support. His allegations include:
There have been significant changes in circumstances between the time of the previous [October 23, 2000 consent] judgment and the time this motion for increase is being filed, more particularly detailed as follows:
a. Mover has changed jobs and no longer makes the income he made in Year 2000.
b. Mover was self employed and now is seeking employment through other means.
c. The judgment of October 23, 2000, was not based on guideline calculations and needs to be modified due to mover's inability to maintain such payments.[1]
Appellee filed a peremptory exception raising the objection of res judicata to appellant's rule for modification. A hearing on both appellant's rule for modification and appellee's exception of res judicata was held, and on its own motion, the trial court concluded that appellant's pleading failed to state a cause of action. Subsequently, the trial court signed a judgment sustaining an exception of no cause of action and dismissing appellant's rule to modify child support from which appellant appeals.
On appeal, appellant maintains the trial court erred in dismissing his rule to modify child support, challenging the propriety of an implicit application of the doctrine of res judicata. He also asserts that the trial court's action in sustaining an objection of no cause of action was erroneous.

APPLICATION OF RES JUDICATA
At the hearing, in support of her exception raising the objection of res judicata, appellee directed the trial court to the October 23, 2000, consent judgment noting appellant's stipulation of child support in the sums of $1,000.00 per month and an additional $100.00 monthly deposit into Joshua's IRA account. Appellee maintained to the trial courtand now on appealthat the stipulated sums of child support coupled with appellant's express agreement that "[t]he foregoing sums shall not be subject to a reduction" until Joshua attained the age of 18 (or in the event of continued secondary education, the age of 19) constituted a valid transaction and compromise. Thus, appellee reasons that the terms of the consent judgment constitute res judicata on the issue of appellant's entitlement to a reduction of child support and urges application of the doctrine of res judicata is warranted.[2]
A "consent judgment" is, in effect, a bilateral contract between the parties which gets its binding force from the consent the parties gave, rather than from adjudication by the courts. Palgrave v. Gros, 2002-249, p. 5 (La.App. 5th Cir.9/30/02), 829 So.2d 579, 582. Interpretation of a consent judgment, i.e., a contract *85 between parties, is a determination of the common intent of the parties; each provision in the contract is interpreted in light of other provisions so that each is given meaning suggested by the contract as a whole, and when the words of the contract are clear and explicit and lead to no absurd consequences, the intent of the parties is to be determined by the words of the contract. Nungesser v. Nungesser, 95-2298, pp. 3-4 (La.App. 1st Cir.6/28/96), 694 So.2d 312, 314. A valid compromise agreement can form the basis of a plea of res judicata. Atwell v. National Safety Consultants, Inc., 97-1561, p. 4 (La.App. 3d Cir.4/1/98), 713 So.2d 495, 497, writ denied, 98-1866 (La.10/30/98), 727 So.2d 1164. And while a plea of a valid compromise or transaction is technically an affirmative defense under La. C.C.P. art. 1005, generally the proper procedural mechanism for interposing this defense is the peremptory exception of res judicata. See Brown v. Drillers, Inc., 93-1019, p. 6 (La.1/14/94), 630 So.2d 741, 747.
Louisiana Revised Statute 13:4232, however, sets forth exceptions to general rules of res judicata. In particular, La. R.S. 13:4232 provides that in actions for matters incidental to divorce, the judgment has the effect of res judicata "only as to causes of action actually adjudicated." (Emphasis added.) Because child support is a matter incidental to divorce, see La. C.C. art. 105, when a party raises new allegations pertaining to changes in circumstances affecting a child's best interest, the La. R.S. 13:4232B limitation to the general res judicata rules applies. See La. C.C. art. 142 and La. R.S. 9:311.

DEFERENCE TO STIPULATED JUDGMENTS
Louisiana Revised Statute 9:315.1D provides a two-step process for the trial court to follow in initially approving stipulated child support judgments. First, upon presentation, it may review and approve or categorically reject stipulated provisions relating to child support. Stogner v. Stogner, 98-3044, p. 8 (La.1999), 739 So.2d 762, 767. Second, if it does not reject the stipulation in favor of the child support guidelines, the trial court must "`consider the guidelines ... to review the adequacy of the stipulated amount.'" Id.
Notwithstanding the freedom of the parties to enter into stipulations relating to child support, parties must remember that their agreements may not "derogate from laws enacted for the protection of the public interest." La. C.C. art. 7. It is clear that the stipulated child support recognized in the judgment must conform to the public policy codified in the child support guidelines with its concomitant best interest presumption and mandated adequacy review provisions. Stogner, 98-3044 at p. 10, 739 So.2d at 768.
Thus, enforcement of the obligor-parent's waiver of a reduction of a stipulated child support obligation may at times not conform to public policy or be in the best interest of the child. As a graphic example involving private education, this court warned: "[J]ustice would not be served by requiring a disabled father to go `on the dole,' or grandparents to overextend their retirement benefits, to underwrite a private school education." Sobers v. Sobers, 98-0006, p. 2 (La.App. 1st Cir.12/28/98), 724 So.2d 278, 279. And it can be seen that a parent's bankruptcy or disability may make enforcement of a stipulated support amount contrary to a child's best interest. See La. C.C. art. 7.
Because appellant did not introduce any evidence at the hearing, reviewing only the allegations of the rule to modify, he should be permitted an opportunity to *86 attempt to establish, by competent evidence, that enforcement of the October 23, 2000, consent judgment's waiver of the right to seek a reduction (of the $1,000.00 per month and the additional $100.00 monthly deposit into his son's IRA account) to which he agreed would not be in the best interest of Joshua. At that hearing, the evidence appellant submits must demonstrate that enforcement of the waiver is in derogation of public order before a stipulated waiver of reduction in child support, which has been accepted by the trial court, will not be enforced.

NO CAUSE OF ACTION
The trial court did not expressly rule on appellee's exception of res judicata; instead the trial court converted the exception to an objection of no cause of action, which it sustained.
The function of the peremptory exception of no cause of action is to question whether the law extends a remedy against the defendant to anyone under the factual allegations of the motion. Industrial Companies, Inc. v. Durbin, 02-0665, p. 6 (La.1/28/03), 837 So.2d 1207, 1213. The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether the particular plaintiff is afforded a remedy in law based on the facts alleged in the pleading. Id. The exception is triable on the face of the pleading and, for the purpose of determining the issues raised by the exception, the well-pleaded facts in the pleading must be accepted as true. Id. In reviewing a trial court's ruling sustaining an exception of no cause of action, the court of appeal should subject the case to de novo review because the exception raises a question of law, and the trial court's decision is based only on the sufficiency of the petition. Id., XXXX-XXXX at p. 7, 837 So.2d at 1213. Simply stated, a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. Id. Every reasonable interpretation must be accorded the language of the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity of presenting evidence at trial. Id.
An award of child support may be modified if the circumstances of the child or of either parent materially change and shall be terminated upon proof that it has become unnecessary. La. C.C. art. 142. See also La. R.S. 9:311.
Thus, assuming as true those facts appellant averred in his motion: that he has changed jobs, no longer makes the same income, is no longer self-employed, and has not had a support determination within the ambit of the Child Support Guidelines, the allegations of appellant's rule to modify clearly state a cause of action. And the trial court erred in sustaining an objection based on the failure of appellant's motion to state a cause of action and in dismissing appellant's rule to modify on that basis.
It is obvious that the trial court attempted to address the issue appellee raised in her exception of res judicata, i.e., whether enforcement of a waiver by the obligor-parent of his right to seek reduction of the amount of child support in a consent judgment is in derogation of public order under La. C.C. art. 7, when the allegations of his rule to modify fail to allege that such an enforcement is not in the best interest of the child. But in its attempt to dispose of the matter via an exception of no cause of action, the trial court considered evidence, which it is not permitted to do. Therefore, because the trial court erroneously considered evidence *87 in its determination of whether the rule to modify child support stated a cause of action, that portion of the judgment which sustains the objection of no cause of action is reversed.

DECREE
Having concluded that neither the exception of res judicata raised by appellee nor the objection of no cause of action, raised on the trial court's own motion, warrants dismissal of appellant's rule to modify at this stage of the proceedings, we reverse that portion of the judgment that dismisses appellant's rule to modify. This matter is remanded for further proceedings consistent with this opinion. Appeal costs are assessed equally between the parties/parents.
REVERSED AND REMANDED.
GAIDRY, J., concurs and assigns reasons.
GAIDRY, J., concurring with reasons.
I agree with the result reached by the majority, insofar as it reverses the judgment of the family court and remands the case for the purpose of granting Mr. Richardson a hearing on his motion to modify child support. I disagree with the reasoning employed by the majority on both the procedural and substantive grounds, however, as explained more fully below.
Mr. Richardson's motion to modify child support and the peremptory exception filed in response to it were assigned for hearing on the same date. The exception was appropriately considered first. After hearing argument of counsel on the exception, the family court on its own initiative converted the objection of res judicata asserted in the peremptory exception to that of "no cause of action or right of action [sic ]," and sustained the exception, dismissing Mr. Richardson's motion. The majority suggests that Mr. Richardson "did not introduce any evidence at the hearing ... of the rule to modify." There was no hearing on that motion, due to the family court's sustaining of the exception and dismissal of the motion on that basis. And I fail to see how any further evidence would be necessary to the determination of the objection of res judicata originally raised. Mr. Richardson has never denied in his pleadings or otherwise that he agreed to the nonmodification provision which is the basis of the objection.

NO CAUSE OF ACTION
A "cause of action," as used in the context of the peremptory exception, means the operative facts which give rise to the plaintiff's right to judicially assert the action against the defendant. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1238 (La.1993). The basic elements of a cause of action for modification of child support are set forth in La. C.C. art. 142 and La. R.S. 9:311(A). Louisiana Civil Code article 142 provides that "[a]n award of child support may be modified if the circumstances of the child or of either parent materially change." Under La. R.S. 9:311(A), the party seeking the modification must demonstrate "a material change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award." To be "material," the change in circumstances must have "real importance or great consequences for the needs of the child or the ability to pay of either party." La. R.S. 9:311, Comment (a)2001 (my emphasis).[1]
*88 The present motion was filed on April 10, 2002, some seventeen months after the consent judgment. Specifically, Mr. Richardson alleged that in the interim, there had been "significant changes in circumstances," including allegations that he had changed jobs, no longer was self-employed, was seeking other means of employment, and no longer earned the same income as in the year 2000. He further alleged that his income and "actual resources" were insufficient to enable him to pay the child support established in the consent judgment.
Mr. Richardson's motion clearly was sufficient to set forth a cause of action for modification of child support. From a proper procedural standpoint, the nonmodification provision or waiver asserted by Ms. Richardson does not bar Mr. Richardson from asserting a cause of action for modification of child support; to the extent it may have any effect, it constitutes an affirmative defense. See, e.g., Fibrebond Corporation v. Aetna Casualty & Surety Company, 583 So.2d 848, 851 (La.App. 1st Cir.1991). Thus, the family court clearly erred in treating the peremptory exception as raising the objection of no cause of action, as opposed to the objection of res judicata, as originally asserted. And the majority here unfortunately does not remedy that error by its dictum that it was necessary for Mr. Richardson to allege in his motion that enforcement of the nonmodification provision was not "in the best interest of the child." That dictum would engraft an additional requirement for modification of child support which the legislature did not impose, and thereby appears to cross the line between statutory interpretation and judicial legislation.[2]

RES JUDICATA AND NONMODIFICATION PROVISION
Although the judgment at issue could be disposed of on the foregoing procedural basis alone, considerations of justice and judicial economy warrant the consideration of the substance of the exception as originally pled. Courts are obligated to construe every pleading so as to do substantial justice. La. C.C.P. art. 865. A pleading's nature is determined by its substance; thus, the family court's ex proprio motu designation of Ms. Richardson's exception as raising the objections of no cause and no right of action does not prevent the consideration of the merits of the defense of res judicata. Considerations of judicial economy warrant such consideration by this court, rather than remand to the district court. Thus, another hearing and another possible appeal on a new exception raising the defense of res judicata would be obviated.
An analysis should begin with the fundamental premise that there are two factors to be considered in every determination of child support: (1) the needs of the child, *89 and (2) the ability of the parents to provide support. La. C.C. art. 141; La. R.S. 9:315.1, et seq.
In Patrick v. Patrick, 496 So.2d 521, 524 (La.App. 1st Cir.1986), this court plainly held that "[a]greements and judgments involving child support are always subject to modifications in accordance with the circumstances, regardless of language to the contrary." (My emphasis.) Citing Patrick, the Third Circuit in Kleiser v. Kleiser, 619 So.2d 178, 179 (La.App. 3rd Cir. 1993), explained that because "[j]udgments awarding custody and child support are always subject to modification and are thus never final," the doctrine of res judicata cannot apply. See also Hansel v. Hansel, 00-1914, p. 12 (La.App. 4th Cir.11/21/01), 802 So.2d 875, 883; Richardson v. Richardson, 427 So.2d 518, 520-21 (La.App. 3rd Cir.1983).
The general rule of res judicata in our state is set forth in La. R.S. 13:4231.[3] Louisiana Revised Statutes 13:4232 establishes limited exceptions to the general rule of res judicata, and Section B expressly provides that in most domestic matters, including "an action for determination of incidental matters under Civil Code Article 105" (which include "custody, visitation, or support of a minor child"), res judicata applies only to causes of action "actually litigated."
From a conceptual standpoint, a parent's cause of action to modify an award of child support cannot be said to exist at the time of that award, since its existence by definition may only occur "between the time of the previous award and the time of the motion for modification of the award." La. R.S. 9:311(A). Thus, the cause of action for modification cannot be extinguished by the prior judgment, simply because it was not "existing" at the time of the judgment incorporating the previous award. See La. R.S. 13:4231(1), (2). Likewise, the factual issues upon which a cause of action for modification is based simply cannot have been "actually litigated" by the parties in the prior adjudication, since the facts had not yet come into being.[4]
In a different context, that of workers' compensation, it has unequivocally been held that "[w]here the legislature has expressly provided that an award or judgment can be subject to a claim of modification, res judicata does not apply." Madere v. Western Southern Life Insurance Company, 03-110, p. 4 (La.App. 5th Cir.4/29/03), 845 So.2d 1222, 1225, citing Falgout v. Dealers Truck Equipment Company, 98-3150 (La.10/19/99), 748 So.2d 399, and Jackson v. Iberia Parish Government, 98-1810 (La.4/16/99), 732 So.2d 517. In the latter case, the Louisiana Supreme Court noted that "inherent in the concept of res judicata is the principle that a party *90 had the opportunity to raise a claim in the first adjudication, but failed to do so." Jackson, 98-1810 at p. 9, 732 So.2d at 524. With regard to the worker's cause of action to modify compensation under La. R.S. 23:1310.8(B), the court first acknowledged that the original judgment fixed the duration of his disability as of the time of trial, and was res judicata "as to that time." Jackson, 98-1810 at p. 10, 732 So.2d at 524. But it then observed:
However, the cause of action for modification of the prior award requires litigation of Jackson's present disability status and its relation to the prior work-related injury, and that cause of action did not exist at the time of the first adjudication. Consequently, since the issue of Jackson's present disability neither existed nor was litigated in the original trial, Jackson's petition for modification cannot be barred by res judicata. (Emphasis in original.)
Id. This well-reasoned conceptual analysis should be equally applicable in the arena of child support litigation by analogy, as La. C.C. art. 142 and La. R.S. 9:311(A), like La. R.S. 23:1310.8(B), constitute "affirmative [legislative] steps to provide ... a cause of action to modify a prior award ... due to an alleged change in condition." Jackson, 98-1810 at p. 10, 732 So.2d at 525.
The case of Megison v. Megison, 94-152 (La.App. 5th Cir.9/14/94), 642 So.2d 885, is the only reported case which directly addresses the issue of whether a nonmodification provision relating to child support in a consent judgment is enforceable against a party seeking to reduce child support. There, the consent judgment provided for an in globo award of both spousal alimony and child support, and provided that the award could be modified or terminated only upon the wife's death, remarriage, or open concubinage. Although citing with approval prior jurisprudence authorizing nonmodification provisions as to spousal alimony, the Megison court made the following observations as to similar provisions relating to child support:
However, the law in the area of child support awards is to the contrary. Each parent owes an obligation to support, maintain and educate his/her children. La. C.C. art. 227. That obligation may not be renounced or set aside. [Citation omitted.] ... Thus, regardless of language in a consent agreement to the contrary, child support judgments are always reviewable where a substantial change of circumstances has been shown. [Citation omitted.] Thus, an exception of no cause of action or res judicata in response to a rule to reduce child support or set child support, where a substantial change in circumstances has been pled, cannot be properly maintained. (My emphasis.)
Megison, 94-152 at pp. 4-5, 642 So.2d at 888. I agree.
In the case of Stogner v. Stogner, 98-3044 (La.7/7/99), 739 So.2d 762, the Louisiana Supreme Court reviewed the enactment of the Guidelines for Determination of Child Support, La. R.S. 9:315, et seq., particularly La. R.S. 9:315.1(D). There, the Louisiana Supreme Court observed that the guidelines envisioned the continuing validity of stipulated (consent) decrees of child support. However, it squarely held that "although the parents may present a stipulation for consideration, the trial court is not bound to follow it and may choose to use the guidelines instead." Stogner, 98-3044 at 8, 739 So.2d at 767. It further held that the responsibility of the trial court relating to consent judgments of child support was nondiscretionary, and explained:
Such an approach underscores the integral role of the trial court as gatekeeper *91 in this area of paramount importance. If properly performed in accordance with the guidelines, this judicial review will further assure the adequacy and consistency of child support awards, foster evenhanded settlements, and preserve a record for the evaluation of later proceedings to modify initially stipulated child support awards. (My emphasis.)
This analysis is not to be viewed as an abrogation of that body of law which has recognized that a consent (stipulated) judgment is by its nature a bilateral agreement between the parties wherein the parties adjust their differences by mutual consent and thereby put an end to a lawsuit with each party balancing the hope of gain against the fear of loss. [Citations omitted.] Notwithstanding the freedom of the parties to so agree, parties must remember that their agreements may not "derogate from laws enacted for the protection of the public interest." La. Civ.Code art. 7. In the present instance, it is clear that the stipulated child support recognized in the judgment must conform with the public policy codified in the child support guidelines with its concomitant best interest presumption and mandated adequacy review provisions. (My emphasis.)
Stogner, 98-3044 at pp. 10-13, 739 So.2d at 769-770.
I consider La. C.C. art. 142, La. R.S. 9:311, and La. R.S. 9:315.1(D) to be such laws "enacted for the protection of the public interest." Parents may not by agreement or consent judgment divest a trial court of its inherent authority to adjust child support where appropriate, and the mere addition of a nonmodification provision or clause cannot alter this governing principle of our law.[5] Any agreement providing for child support in excess of the amount specified by the Guidelines should be considered deferentially by the court, and any attempt to modify a judgment incorporating it should be viewed with suspicion. But ultimately, a parental child support agreement is not binding on the court's authority to review it or to later modify a consent judgment in the event of material change of circumstances.
The case of Dubroc v. Dubroc, 388 So.2d 377 (La.1980), countenanced the enforcement of an agreement to temporarily suspend the right of the domiciliary parent to advance support payments from the other, while the child resided temporarily with the latter parent. Initially, we note that Dubroc antedates the adoption of the statutory Guidelines, La. R.S. 9:315, et seq., and the Stogner decision. In Dubroc, the Supreme Court analogized the situation to that authorized by La. C.C. art. 232, and held that such an arrangement could be established consensually and enforced, as long as it was set forth in a valid conventional obligation and did not operate to the detriment of the child. The nonmodification provision here goes well beyond those limited circumstances in its scope and duration. Likewise, the holding in Seifert v. Seifert, 374 So.2d 157 (La.App. 1st Cir. 1979), antedates the Guidelines and is clearly limited to its facts. There, this court held that a conventional waiver of monthly child support by the domiciliary parent in favor of the children's father was not contra bonos mores, where there was no testimony contradicting that of the father that the purpose was to assist him in securing credit approval to purchase a residence, and there was no evidence that the waiver operated to the children's detriment.
*92 In the case of Leger v. Leger, 00-0505, p. 8 (La.App. 1st Cir.5/11/01), 808 So.2d 632, 639, this court again affirmed the principle that "the trial court is not bound by a stipulation of the parties" in determining child support. In doing so, we also observed:
Children cannot live on light and air; they need and are entitled to not only love and affection, but also the financial support of their parents. This financial support obligation is based on the needs of the children and the ability of the parents to provide support. (My emphasis.)
Leger, 00-0505 at p. 6, 808 So.2d at 637-38.
Certainly, in weighing the factors of the child's needs and the parent's financial ability, I would concede that the former should be given the benefit of any doubt. But it is not now and has never been the policy of our legal system to impoverish one person without compelling reason in order to benefit another, and it must be presumed that it is not in a child's best interest to sentence a parent to monetary servitude, bankruptcy, or financial distress because of fortuitous circumstances. Likewise, considerations of what may be in a child's best material interest must be balanced with considerations of basic fairness and equity.[6] I find no merit in Ms. Richardson's argument that enforcement of a nonmodification provision to prevent reduction of a monetary child support award is presumptively in a child's best interest or in the public interest, while invalidation of such a provision as to an increase is required as against public policy. Such an interpretation is logically inconsistent and would impermissibly preempt the "integral role of the trial court as gatekeeper in this area of paramount importance."[7]
Equally without merit is Ms. Richardson's argument that the issues of the parties' community property settlement were intertwined with the issue of child support, and that Mr. Richardson should be estopped from seeking to reduce the monthly child support awarded.[8] Child support *93 should not be used as a "bargaining chip" by either parent for purposes of apportioning parents' community property or negotiating spousal support issues; it is not theirs to bargain with in the first place. Child support should be viewed as rightfully owed to and the property of the children in whose interest it is imposed. See La. C.C. art. 141, Revision Comment (g) 1993; Dolhonde v. Dolhonde, 357 So.2d 810, 813 (La.App. 1st Cir.1978).[9]
In concurring in the reversal of the family court's judgment sustaining the peremptory exception, I express no opinion as to the merits of the modification sought by Mr. Richardson. This court should simply have held that the family court erred in sustaining the exception, whether based upon the objection of no cause of action, no right of action, or res judicata, and that Mr. Richardson is not barred from seeking modification of child support by virtue of the nonmodification provision of the consent judgment and from presenting evidence in support of his contentions. I can confidently predict, with the earnest hope that my learned colleagues will agree, that the majority's opinion in this case will not be the last word on this subject.
I respectfully concur.
NOTES
[1] Despite the express request for an increase and, more generally, for a modification (as otherwise set forth in his pleading), by this rule appellant in fact seeks a reduction of the amount of child support he agreed to pay to his former wife for Joshua in the October 23, 2000, consent judgment.
[2] See generally La. R.S. 13:4231.
[1] Acts 2001, No. 1082, § 2 added the adverb "materially" modifying the verb "change" in La. C.C. art. 142, and § 1 of the same act added the adjective "material" modifying "circumstances" in La. R.S. 9:311(A). These amendments legislatively overruled the holding in Stogner v. Stogner, 98-3044, pp. 10-13 (La.7/7/99), 739 So.2d 762, 769-770, that any change in circumstances is sufficient to justify modification of child support. La. C.C. art. 142, Comment2001; La. R.S. 9:311, Comment (a)2001. The amendments implicitly restored the validity of the prior appellate jurisprudence requiring that a change in circumstances justifying modification of child support be "substantial." The latter term used in the pre-Stogner jurisprudence should therefore for all practical purposes be considered synonymous with the term "material" in the statute. Apart from the holding legislatively overruled, the other holdings in the Stogner decision remain valid. See pp. 90-91 of this concurrence, infra.
[2] Both La. C.C. art. 142 and La. R.S. 9:311(A) use the disjunctive "or" in establishing alternative grounds for modification. Thus, if there is either a material change in the child's needs or the ability of either parent to provide support, modification may be warranted.
[3] Louisiana Revised Statutes 13:4231 provides:

Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
[4] See n. 1, infra.
[5] See also La. C.C. arts. 232, 233, and 234.
[6] For example, a court is authorized to deviate from the statutory child support guidelines "if their application would not be in the best interest of the child or would be inequitable to the parties." La. R.S. 9:315.1(B). (My emphasis.) See also La. R.S. 9:315.1(C)(8).
[7] The inherent authority of our courts to safeguard the interests of our state's most valuable resource, its children, is a consistent theme in our civil law. Indeed, the role of our courts in protecting the interests of children is not limited to the financial support of children of divorce. See, e.g., La. C.C.P. arts. 4265, et seq., relating to compromise of a minor's cause of action and administration of a minor's property rights.
[8] Her argument is based upon the inclusion of the following language as Paragraph 2 of Section L, "Support," of the consent judgment:

RODNEY DEWEY RICHARDSON, JR. shall transfer all right, title and interest in the community residence unto PAMELA PERKINS RICHARDSON and if RODNEY DEWEY RICHARDSON, JR. makes $500,000.00 gross profit from the sale of the product "Pee Willie Wick" Scent Dispenser, he will agree within ten (10) days to pay off the balance on the mortgage on the house, PAMELA PERKINS RICHARDSON'S car and pay her $25,000.00 cash. This is contingent upon the sale of the foregoing product before January 1, 2001 and PAMELA PERKINS RICHARDSON has no recourse to RODNEY DEWEY RICHARDSON's business or future business dealings.
There is no logical connexity or interrelationship between Paragraph 2's language and that of Paragraph 1, dealing with the monthly child support amount, the child's individual retirement account, and the nonmodification provision. There is nothing suggesting a quid pro quo agreement between the parties in Paragraph 2 relating to the amount of child support, whereby Ms. Richardson sacrificed any rights relating to spousal support or community property to secure an advantage to the child. In fact, Paragraph 2 may have been intended to constitute a separate section of the consent judgment, as evidenced by the omission of a Section M following Section L. Further, contrary to the family court's oral reasons, there is absolutely nothing demonstrating that Mr. Richardson received "appropriate consideration" from Ms. Richardson for his agreement to deviate from the support amount established by the guidelines and to waive any right to seek modification of monthly child support.
[9] The result proposed herein is even supported by additional language in the parties' own agreement, also incorporated in the consent judgment. Section N, entitled "Conflicts Between the Parties," immediately follows Section L, "Support." It appears to address the issue of conflicts between the parties on all issues which might arise, and provides:

The parties shall attempt to resolve any conflicts regarding the terms of this plan between themselves. In the event of a dispute either party may seek judicial review. (My emphasis.)
Accordingly, the parties themselves contemplated that either would have general recourse to the courts to determine their rights under the consent judgment.