923 So.2d 662 (2005)
Michelle THOMAS
v.
LIVINGSTON PARISH SHERIFF'S OFFICE, Willie Graves, Dorothy Wascom, Tommie McMorris and Liberty Surplus Insurance Corporation.
No. 2004 CA 1822.
Court of Appeal of Louisiana, First Circuit.
September 23, 2005.
*664 S. Alfred Adams, Baton Rouge, Patrick W. Pendley, Plaquemine, for Plaintiff-Appellant Michelle Thomas.
Edwin L. Hightower, Baton Rouge, Leonard E. Yokum, Jr., Hammond, for Defendant-Appellee Tommie McMorris.
Shannon J. Gremillion, Lafayette, for Defendant Liberty Surplus Ins. Co.
Eric L. Pittman, Denham Springs, for Defendants Sheriff Willie Graves and Dorothy Wascom.
Before: KUHN, GUIDRY, and PETTIGREW, JJ.
PETTIGREW, J.
This is an action for damages allegedly incurred by the plaintiff as a result of a defective appraisal performed in connection with a seizure and sale of her property that resulted in a deficiency judgment. Defendant appraiser was dismissed following the trial court's grant of his peremptory exception raising the objection of no cause of action. Plaintiff now appeals. We affirm.

FACTS
In May 2000, Michelle Thomas, plaintiff herein, purchased property from Jim Johnson, described as Lot 43 in Plantation West Subdivision situated in Denham Springs, Louisiana. Later, Ms. Thomas alleged that she discovered information that led her to believe that the property was burdened with a judicial lien. Accordingly, Ms. Thomas tendered the property back to Mr. Johnson and ceased making payments. Ms. Thomas claimed that to her surprise, Mr. Johnson thereafter instituted a civil suit against her seeking executory process. This earlier suit, entitled Jim Johnson v. Betty Michelle Thomas and bearing docket number 91-587, Division "C" of the 21st Judicial District Court in and for the Parish of Livingston, compelled a seizure and sale of the property and resulted in the rendition of a deficiency judgment against Ms. Thomas.
On May 2, 2002, Ms. Thomas filed a petition to annul the deficiency judgment rendered against her and cited numerous errors in the proceeding, including the allegation that the appraisals prepared in connection with the seizure and sale of her property had been defective. The deficiency judgment against Ms. Thomas was later annulled and set aside due to the alleged improper appraisals.
On May 1, 2003, Ms. Thomas filed the instant action seeking damages together with interest, costs, and attorney fees for the losses she claimed to have incurred in connection with the sale of her property without a proper and lawful appraisal, an improper deficiency suit and judgment, an improper judgment debtor examination request, and the improper issuance of an arrest warrant against her. Ms. Thomas claims damages including, but "not limited to, physical pain and suffering, mental pain *665 and suffering, loss of enjoyment of life, loss of income and earning opportunity, legal expenses, attorney fees, public humiliation and embarrassment, and loss of reputation, which she alleges resulted from the defective appraisal. Named as defendants in this action, are the Livingston Parish Sheriff's Office, Sheriff Willie Graves, Dorothy Wascom, Tommie McMorris, and Mr. McMorris's insurer, Liberty Surplus Insurance Corporation. Ms. Thomas subsequently amended her petition on June 3, 2003, and sought to maintain a class action pursuant to La. Code Civ. P. art. 591 et seq. Ms. Thomas alleged that she is part of a class of similarly situated class members identified as:
All persons or entities who have been the subject of a foreclosure proceeding in Livingston Parish, Louisiana in which one of the real estate appraisers was a Livingston Parish Deputy Sheriff and the property was sold at sheriff's sale under benefit of appraisal for the purpose of the creditor having the right to file a petition for deficiency judgment.
On September 26, 2003, Mr. McMorris filed a peremptory exception raising the objection of no cause of action and argued that Ms. Thomas's suit to recover damages against an appraiser used in connection with the judicial sale of her property is not actionable pursuant to Louisiana law.

ACTION OF THE TRIAL COURT
The exception was argued before the trial court on December 11, 2003, and on January 6, 2004, the court issued a judgment denying the exception. Mr. McMorris thereafter filed a notice of his intention to apply for a supervisory writ.
This matter was later scheduled for rehearing on January 26, 2004. Following a hearing, the trial court reversed its earlier ruling on the exception and dismissed Mr. McMorris from this litigation.
From this judgment, Ms. Thomas has appealed.

ERROR ASSIGNED ON APPEAL
The sole error assigned by Ms. Thomas in connection with the instant appeal is that the trial court erred in granting the peremptory exception filed by Mr. McMorris that raised the objection of no cause of action.

LAW AND ANALYSIS
The function of an exception raising the objection of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. Industrial Companies, Inc. v. Durbin, XXXX-XXXX, p. 6 (La.1/28/03), 837 So.2d 1207, 1213. No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La.Code Civ. P. art. 931. The exception is triable on the face of the pleading and, for the purpose of determining the issues raised by the exception, the well-pleaded facts in the pleading must be accepted as true. Richardson v. Richardson, 2002-2415, p. 6 (La.App. 1 Cir. 7/9/03), 859 So.2d 81, 86. Thus, the only issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Perere v. Louisiana Television Broadcasting Corp., 1997-2873, p. 3 (La.App. 1 Cir. 11/6/98), 721 So.2d 1075, 1077.
In reviewing a trial court's ruling sustaining an exception raising the objection of no cause of action, the appellate court should subject the case to a de novo review. The exception raises a question of law, and the trial court's decision is based only on the sufficiency of the petition. Fink v. Bryant, XXXX-XXXX, p. 4 (La.11/28/01), 801 So.2d 346, 349; B & C *666 Elec., Inc. v. East Baton Rouge Parish School Bd., XXXX-XXXX, pp. 4-5 (La.App. 1 Cir. 5/9/03), 849 So.2d 616, 619. Simply stated, a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. Richardson, 2002-2415 at p. 7, 859 So.2d at 86. Every reasonable interpretation must be accorded the language of the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity of presenting evidence at trial. Id. The question, therefore, is whether, in the light most favorable to plaintiff, and with every doubt resolved in his behalf, the petition states any valid cause of action for relief. Copeland v. Treasure Chest Casino, L.L.C., XXXX-XXXX, p. 4 (La.App. 1 Cir. 6/21/02), 822 So.2d 68, 70.
When the grounds of the peremptory exception raising the objection of no cause of action may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed. La.Code Civ. P. art. 934. The decision to allow amendment is within the sound discretion of the trial court. Stroscher v. Stroscher, 2001-2769, p. 4 (La.App. 1 Cir. 2/14/03), 845 So.2d 518, 523.
Pursuant to the allegations set forth in her original petition and first amending petition, Ms. Thomas seeks to recover damages as a result of an appraisal that was allegedly defective, and later gave rise to a deficiency judgment. A deficiency judgment is a judgment rendered in favor of a creditor for the difference between the amount of a debt and the amount realized in a judicial (public) sale held for the satisfaction of the debt. Echo, Inc., et al. v. Power Equipment Distributors, Inc., XXXX-XXXX, p. 17 (La.App. 1 Cir. 8/7/98), 719 So.2d 79, 92, writ denied, 1998-2392 (La.11/20/98), 729 So.2d 555.
Under the facts of this case, the creditor, Mr. Johnson, obtained a deficiency judgment against the plaintiff, Ms. Thomas, for the difference between the price of the lot and the amount that the lot sold for at public sale. The rules governing deficiency judgments in Louisiana are set forth in La.Code Civ. P. arts. 2771, 2772 and La. R.S. 13:4106 et seq., the Deficiency Judgment Act. Echo, Inc., XXXX-XXXX at p. 18, 719 So.2d at 92.
The Deficiency Judgment Act requires an appraisal prior to judicial sale if the creditor is to preserve his right to pursue the debtor for any unsatisfied portion of the debt. La. R.S. 13:4106. The purpose of the Deficiency Judgment Act is to protect a debtor from an over-reaching creditor. It was intended to prevent the inequity inherent in a creditor foreclosing on a debtor's property without appraisal, buying the property in for a low price and thereafter obtaining a personal judgment against the debtor for a greater amount than if the property had been sold pursuant to a valid appraisal. First National Bank of Houma v. Bailey, 583 So.2d 559, 563 (La.App. 3 Cir.1991).
Previous jurisprudence has interpreted the stringent public policy provisions of the Deficiency Judgment Act as an absolute bar to a mortgage creditor who seeks to obtain a deficiency judgment where said creditor provokes a sale, judicial or private, without the benefit of appraisement. Echo, Inc., XXXX-XXXX at p. 26, 719 So.2d at 97.
Louisiana Revised Statute 13:4363 provides that at least seven days, exclusive of legal holidays, prior to the sale of the *667 seized property, the sheriff shall direct the debtor and the seizing creditor to each submit, at least four days prior to the time of the sale, an appraiser to value the property. The appraisal of the debtor and seizing creditor shall be made and delivered to the sheriff at least two days, exclusive of holidays, prior to the time of the sale. La. R.S. 13:4363.
In accordance with the foregoing statute, the Livingston Parish Sheriff's Office retained Mr. McMorris to appraise the subject property on behalf of the seizing creditor, Mr. Johnson. It appears that the sheriff's office also appointed Dorothy Wascom, to appraise the property on behalf of the debtor, and the plaintiff in this action, Ms. Thomas. The aforesaid appraisals preceded a judicial sale of Ms. Thomas's property and gave rise to the rendition of a deficiency judgment in favor of the seizing creditor, Mr. Johnson. This judgment was later set aside.
In deciding whether the trial court erred in granting the peremptory exception filed by Mr. McMorris that raised the objection of no cause of action, this court must determine whether, in the light most favorable to Ms. Thomas, and with every doubt resolved in her behalf, the petition states any valid cause of action that would entitle her to relief. In her petition in this matter, Ms. Thomas has alleged, among other things, that Mr. McMorris was a state-licensed real estate appraiser certified in accordance with the provisions of the Louisiana Real Estate Appraisers Law (La. R.S. 37:3391 et seq.), and that in appraising her property, Mr. McMorris violated "the law and standards of care of the appraisal profession." Specifically, Ms. Thomas alleges that Mr. McMorris conducted a "drive by" appraisal of the lot formerly owned by her without exiting his vehicle. Ms. Thomas further alleges that Mr. McMorris failed to obtain valuations of comparable properties and that said actions did not constitute a just and fair appraisal as required by law, and resulted in an incorrect valuation of her property at the resulting sheriff's sale. Ms. Thomas claims that the actions or inactions of Mr. McMorris constituted violations of the standards of care of the appraisal profession as well as negligence, and that Mr. McMorris and his fellow defendants are liable to her for the damages she has sustained.
An examination of the provisions of the Louisiana Real Estate Appraisers Certification Law (La. R.S. 37:3391 et seq.) reveals that pursuant to the language contained in R.S. 37:3393(H)(2) and (5), the provisions of this Chapter are inapplicable to the following:
(2) A court-appointed individual who conducts an appraisal pursuant to a judicially ordered evaluation of the specific real property under litigation.
. . . .
(5) A person appointed by a sheriff to make an appraisal in accordance with R.S. 13:4364 or R.S. 13:4365.[1]
La. R.S. 37:3393(H).
Both parties have previously acknowledged that Mr. McMorris was retained by the Livingston Parish Sheriff's Office to appraise Ms. Thomas's property on behalf of the seizing creditor, Mr. Johnson. It is evident from the foregoing provisions that Ms. Thomas lacks a cause of action against the defendant-appraiser, Mr. McMorris pursuant to the provisions of the Louisiana Real Estate Appraisers Certification Law (La. R.S. 37:3391 et seq.).
Ms. Thomas has also asserted a claim against Mr. McMorris based upon *668 negligence. In support of her claim, Ms. Thomas cites Federal Savings & Loan Insurance Corporation v. Derbes, 731 F.Supp. 755 (E.D.La.1990) and Alley v. Courtney, 448 So.2d 858 (La.App. 2 Cir. 1984), writ denied, 450 So.2d 360 (La. 1984).
In Federal Savings & Loan, a lending institution brought a malpractice action against real estate appraisers as a result of an alleged negligently-prepared appraisal submitted in connection with a loan upon which the borrower subsequently defaulted. Citing Alley, the United States District Court for the Eastern District of Louisiana held that to recover, the plaintiff lending institution was required to prove, by a preponderance of the evidence, all of the following elements: (1) defendants owed a duty consistent with their status as professional appraisers to provide the lending institution with an accurate appraisal and that losing funds through a foreclosure sale of the appraised property was within the risk of harm resulting from a breach of this duty; (2) defendants breached the duty; (3) the lending institution relied upon the resulting negligently prepared information and (4) the lending institution suffered injury as a result. Federal Savings & Loan, 731 F.Supp. 755, 760 (E.D.La.1990).
Based upon the facts of this case, we conclude that Mr. McMorris did not owe a duty to Ms. Thomas. Assuming Mr. McMorris owed a duty to anyone other than the Livingston Parish Sheriff's Office that retained him to perform the appraisal on behalf of the seizing creditor, said duty was owed to the seizing creditor, Mr. Johnson, who lost the opportunity to obtain a deficiency judgment. Ms. Thomas has benefited from the effect of the defective appraisals used in the foreclosure to the extent that the deficiency judgment has already been annulled.
Further, Ms. Thomas cannot state a cause of action for damages under a breach of contract theory against Mr. McMorris due to a lack of privity of contract between herself and Mr. McMorris. There is no dispute that Mr. McMorris was retained by the sheriff to appraise the property formerly owned by Ms. Thomas for the benefit of the seizing creditor. While Mr. McMorris owed a duty to provide the sheriff with a just and fair appraisal, and a concomitant duty to the seizing creditor whose interest he was appointed to represent, the duties owed by Mr. McMorris did not, under the particular facts of this case, extend to cover Ms. Thomas.
Therefore, for the foregoing reasons, Ms. Thomas lacks a cause of action to proceed against Mr. McMorris.

CONCLUSION
For the above and foregoing reasons, the trial court's grant of the peremptory exception filed by Tommie McMorris that raised the objection of no cause of action is hereby affirmed. All costs associated with this appeal shall be assessed against the plaintiff, Michelle Thomas.
AFFIRMED.
NOTES
[1] Louisiana Revised Statutes 13:4364 and 13:4365 pertain to the appointment of appraisers to value property in connection with judicial sales.