CRICHTON, J.,
would grant and assigns ’reasons.
|, Louisiana Code of Criminal Procedure article 61 imbues the district attorney with the “entire charge and control of every criminal prosecution instituted or pending in his district, and determines whom, when, and how he -shall prosecute.” Furthermore, and more specifically to this case, La,C.Cr.P. art. 704 dictates that defendants “shall” be tried jointly unless “justice requires a severance.” Louisiana *1163 jurisprudence evidences a preference for joint trials. See, e.g., State v. Bradford, 867 So.2d 745 (La.1979). In my view, the State’s application has merit. From the materials[1] submitted to this Court, no “mutually antagonistic”[2] defenses appear to be present such that a severance would be necessary, and both parties acknowledged that the potential Bruton[3] violations had been resolved.[4] Unfortunately, the trial court assigned no reasons for granting the defendants’ motions, and the appellate court panel denied the State’s writ without assigning reasons, thus leaving the rationale for the severance shrouded in mystery. I would grant -the State’s writ, reversing both lower courts such that Justin Bledsoe ánd Kevin Green are tried together in accordance with law.

. Applicant submitted the November 3, 2015 motion hearing transcript, the court of appeal's writ denial, relevant docket master printouts, the defendants’ motions for severance, the State’s opposition, the State’s court of appeal brief, and the defendants’ opposition briefs, among other materials.

. See, e.g., State v. Prudholm, 446 So.2d 729, 741 (La.1984).

. Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620; 20 L.Ed.2d 476 (1968).

. A Bruton issue involving another defendant was present earlier in these proceedings; however, the State has since electively severed' that particular defendant