650 So.2d 750 (1995)
INDEPENDENT FIRE INSURANCE COMPANY, Paul M. Hebert, Jr. and Mary Jane Hebert
v.
ABLE MOVING AND STORAGE COMPANY, INC., Bekins Real Estate Sales, Inc. and ABC Insurance Company.
No. 94-C-1982.
Supreme Court of Louisiana.
February 20, 1995.
Rehearing Denied March 23, 1995.
*751 Alton C. Pierce, Jr., Baton Rouge, for applicants.
Charles A. Schutte, Jr., Mathews, Atkinson, Guglielmo, Marks & Day, Baton Rouge, for respondents.
WATSON, Justice.[1]
The question presented is a national moving company's liability for a fire damage claim against its insolvent Louisiana agent.
In April of 1989, Mary Jane Hebert (Mrs. Paul M. Hebert, Jr.) planned to move some furniture in preparation for a party. She looked in the Baton Rouge telephone directory yellow pages and saw a familiar name, Bekins. The advertisement to which she responded was designed and purchased by Bekins. Underneath the large bold type of Bekins, small letters said "van lines agent". The ad stated: "Integrity & Value Since 1891". At the bottom, printed in small light type, was the name of Able Moving & Storage Co. Mary Jane Hebert's testimony was that she could not read the small print; she thought she dealt only with Bekins. The ad said "Call Bekins today...." When she called the number, nothing indicated she had reached Able's office. Pleased with the quoted price, she called back and hired Bekins for the job. When the job was completed, Mary Jane Hebert made out a check to Bekins for $175. The check was endorsed "BEKINS" and deposited.
Two men reported to the Hebert house, Aaron J. Ward, Jr., a supervisor, and Patrick O'Rourke, a temporary "summer" employee. Their van, caps and shirts had a Bekins logo. The van and shirt also had an Able logo. Mary Jane Hebert testified that Patrick took frequent smoke breaks. When she left the house to car pool that afternoon, Patrick remained upstairs to oil and cover the stored furniture. He was still upstairs when she returned but she noticed nothing amiss. She gave the Bekins check to Ward.
Sometime later, after the movers departed, smoke billowed out of the upstairs windows. The fire originated near the middle of the upstairs storage room where there was a charred area of carpet. The Chief Fire Investigator for the Baton Rouge Fire Department, Glenn Joseph Sevier, testified that he eliminated other possible sources of ignition and concluded that the fire was caused by a hot ash or cigarette accidently dropped in that area. A fire expert, Edward Crispin Salisbury, testified that the most probable cause of the fire was a cigarette accident: the fire fit the profile of a cigarette fire exactly. A second expert thought the fire had an electrical origin.
The operations manager of Able, Rodney Michael Constant, testified that Bekins did not receive any revenue from the Hebert check. Able later went out of business when its warehouse burned down after this fire. Bekins and Able had a "full service" agency contract for their mutual benefit. This is one type of mandate in LSA-C.C. art. 2986. Bekins had only interstate moving authority, and Able had only Louisiana intrastate moving authority.
The trial court concluded that more probably than not a cigarette ember or a cigarette butt discarded by Patrick O'Rourke caused the fire. The trial court also concluded that Bekins and Able were both liable for the fire damage because their advertisement gave the impression that they were one and the same. The trial court's judgment against Bekins was reversed by the court of appeal, which concluded that Bekins did not have any control over the Able employees who moved the Hebert furniture. 92-2073 (La. App. 1 Cir. 5/25/94), 642 So.2d 327. A writ was granted to review the court of appeal judgment. 94-1982 (La. 11/11/94), 644 So.2d 660.
*752 The Restatement (Second) of Agency § 8 (1958) defines apparent authority as follows:
§ 8. Apparent Authority
Apparent authority is the power to affect the legal relations of another person by transactions with third persons, professedly as agent for the other, arising from and in accordance with the other's manifestations to such third persons.
Here, Able had actual authority from Bekins and also apparent authority manifested by Bekins' advertising and Able's use of the Bekins name.
This move was not within the Interstate Commerce Commission's jurisdiction. However, federal law recognizes a principal's possible liability under the doctrine of apparent authority. See 49 U.S.C. 10934.
The Restatement (Second) of Agency § 8B (1958) defines estoppel:
§ 8B. EstoppelChange of Position
(1) A person who is not otherwise liable as a party to a transaction purported to be done on his account, is nevertheless subject to liability to persons who have changed their positions because of their belief that the transaction was entered into by or for him, if
(a) he intentionally or carelessly caused such belief, or
(b) knowing of such belief and that others might change their positions because of it, he did not take reasonable steps to notify them of the facts.
* * * * * *
(3) Change of position, as the phrase is used in the restatement of this subject, indicates payment of money, expenditure of labor, suffering a loss or subjection to legal liability.
The trial court found that the Bekins' advertisement intentionally caused Mary Jane Hebert to believe she was dealing with Bekins. She paid Bekins and suffered a loss from what she believed to be Bekins' servant. Compare Arceneaux v. Texaco, Inc., 623 F.2d 924 (5th Cir.1980), where there was no evidence of detrimental reliance by the customer.
The Restatement (Second) of Agency § 267 (1958) states:
§ 267. Reliance upon Care or Skill of Apparent Servant or Other Agent
One who represents that another is his servant or other agent and thereby causes a third person justifiably to rely upon the care or skill of such apparent agent is subject to liability to the third person for harm caused by the lack of care or skill of the one appearing to be a servant or other agent as if he were such.
The decisive issue is whether the trial court was clearly wrong in concluding that Mary Jane Hebert reasonably believed she was dealing with Bekins, rather than Able, creating liability under the doctrine of apparent authority.
The court of appeal cited Rowell v. Carter Mobile Homes, Inc., 500 So.2d 748 (La.1987), which stated: "Liability for the negligent and tortious acts of another does not flow simply because of a principal-agent or principal-mandatary relationship." 500 So.2d at 751. See Blanchard v. Ogima, 253 La. 34, 215 So.2d 902 (1968).
The general rule stated in Rowell v. Carter Mobile Homes, Inc. does not apply when third parties act to their detriment on the basis of an agent's apparent authority. Apparent authority is an estoppel principle which operates in favor of third persons seeking to bind a principal for unauthorized acts of an agent. When the apparent scope of an agent's authority, the indicia of authority, is relied upon by innocent third parties to their detriment, the principal is liable. See Broadway v. All-Star Insurance Corporation, 285 So.2d 536 (La.1973). Here, the principal, Bekins, published and paid for an advertisement which gave the erroneous impression that third parties dealing with Able were actually dealing with Bekins.
Mary Jane Hebert responded to a Bekins ad and testified that the telephone must have been answered by a person purporting to represent Bekins. The movers arrived in a van marked with Bekins' name, wearing hats and shirts with Bekins' logo. Mary Jane Hebert's check was made out to Bekins. She *753 believed throughout that she was dealing with Bekins.
Boulos v. Morrison, 503 So.2d 1 (La. 1987), held that a third party has the duty to inquire into the nature and extent of an agent's power. However, Boulos turned on a credibility call by the trial court. The Boulos plaintiffs did not convince the trial court that the principals manifested apparent authority to their claimed agent or that plaintiffs reasonably relied upon that purported authority. Here, the trial court reached contrary conclusions. Bekins clothed Able with apparent authority and nothing caused Mary Jane Hebert to question that authority.
The trial court did not err in deciding that this fire was probably started by Patrick O'Rourke's careless discard of a cigarette or a cigarette ash. The evidence strongly supports that hypothesis. Smoking was prohibited on customers' premises, but Patrick's general activities were directed toward the employer's interest and the incidental smoking did not remove him from the scope of employment. LSA-C.C. art. 2320; Ermert v. Hartford Ins. Co., 559 So.2d 467 (La.1990).
Apparent agency requires a representation by the principal and detrimental reliance by a third party. Bekins' ad represented Bekins as the party behind the telephone number, and Mary Jane Hebert relied on that representation and the other indicia of Bekins' presence to her detriment. Because Mary Jane Hebert reasonably relied on the representations that she was dealing with Bekins, Bekins is responsible for the fault of its agent's servant.
For the foregoing reasons, the court of appeal judgment is reversed and the trial court judgment is reinstated.
REVERSED: TRIAL COURT JUDGMENT REINSTATED.
VICTORY, J., concurs.
NOTES
[1] Lemmon, J., not on panel. Rule IV, Part 2 § 3.