hPER CURIAM.
Plaintiffs filed the instant suit against defendant, alleging fraud, breach of fiduciary duty, bad faith breach of contract, and unfair trade practices. The case was tried before a jury for approximately nine weeks. The jury returned an 11-1 verdict in defendant’s favor.
Subsequently, plaintiffs timely filed a Motion for Judgment Notwithstanding the Verdict and Alternatively, Motion for New Trial. Their brief in support of the motion raised the issue of jury misconduct, but did not make specific allegations of what constituted the misconduct. Shortly before the hearing on the motion, plaintiffs filed supplemental briefs making specific allegations of misconduct. In connection with these supplemental briefs, plaintiffs submitted the affidavit of a legal assistant who *223 had spoken with three jurors and an alternate, and a deposition of one of the jurors.
The trial court conducted a hearing, which was limited to the argument of counsel. Defendant requested an evidentiary hearing, which the trial court denied. The trial court then entered judgment denying plaintiffs’ motion for judgment notwithstanding the verdict, but granting plaintiffs’ motion for new trial based on a | ¿finding of jury misconduct.[1]
Defendant applied for supervisory writs from the trial court’s judgment granting the new trial. The court of appeal denied the application. This application for writs followed.
Without passing on the merits of the trial court’s judgment granting the new trial, we find the trial court erred in denying defendant’s request for an eviden-tiary hearing on the motion. Clearly, the party seeking a new trial based on jury misconduct bears the burden of proof on this issue. Dragon v. Schultz, 97-664 (La. App. 5th Cir.1/14/98), 707 So.2d 1274; Brown v. Hudson, 96-2087 (La.App. 1st Cir.9/19/97), 700 So.2d 932, writ denied, 97-2623 (La.1/9/98), 705 So.2d 1103; Parker v. Centenary Heritage Manor Nursing Home, 28,401 (La.App. 2nd Cir.6/26/96), 677 So.2d 568, writ denied, 96-1960 (La.11/1/96), 681 So.2d 1271. Under these circumstances, plaintiffs’ evidence should be presented in the context of an eviden-tiary hearing, with defendant given an opportunity to cross-examine plaintiffs’ witnesses and present its own evidence, should it wish to do so.[2]
We recognize that La. Code Evid. art. 606B places limits on juror testimony, and may limit the scope of the hearing, as the jurors are the primary witnesses to ^certain of the alleged misconduct. However, the question of admissibility of evidence may be properly addressed and resolved at the hearing.
Accordingly, the writ is granted. The judgment of the trial court granting plaintiffs’ motion for new trial is vacated and set aside, and the case is remanded to the trial court to try anew the motion for new trial by conducting an evidentiary hearing.
KIMBALL and JOHNSON, JJ., would deny the writ.

. The procedural history of the trial court’s ruling is somewhat complex. After the trial court took the motion under advisement, one of the plaintiff companies filed for bankruptcy, and the case was removed to federal court. After the case was removed, the trial court entered its ruling on plaintiffs’ motion, although it presumably did not have jurisdiction over the case. Subsequently, the federal court remanded the new trial motion to state court. Thereafter, defendant requested an ev-identiary hearing. The trial court denied that motion and simply "re-entered” its earlier order granting the new trial.

. Plaintiffs contend that defendant had adequate opportunity to subpoena witnesses and present their testimony at the hearing on the motion for new trial. Although the hearing on the motion for new trial was held several months after the judgment, plaintiffs did not make specific allegations of juror misconduct until only shortly before the hearing, and the supplemental brief based on the juror's deposition was not served on defendant until the Friday before the hearing, which was set on Monday. Because plaintiffs's evidence was in the form of an affidavit and deposition, defendant was not able to engage in cross-examination of plaintiffs' witnesses. Moreover, because defendant took the position that much of plaintiffs' evidence was inadmissible, it could have reasonably believed that plaintiffs could not satisfy their burden of proof at the new trial hearing.