836 So.2d 369 (2002)
Sheila B. PITTMAN
v.
Chris Albert PITTMAN.
No. 2001 CW 2528.
Court of Appeal of Louisiana, First Circuit.
December 20, 2002.
*371 Dara L. Baird, Metairie, Counsel for Defendant/Relator Chris A. Pittman.
Elisabeth M. Ramirez, Covington, Counsel for Plaintiff/Respondent Sheila B. Pittman.
Before: KUHN, DOWNING and GAIDRY, JJ.
DOWNING, J.
Chris Albert Pittman appeals the denial of his motion for a new trial, which motion asserted that newly discovered evidence would prove that misrepresentations made by his former wife, Sheila B. Pittman, vitiated his consent to a stipulated community property partition judgment.[1] For reasons that follow, we convert this appeal to an application for supervisory writs and deny.

FACTS AND PROCEDURAL HISTORY
Mr. and Mrs. Pittman obtained a judgment of divorce in January 1998. On July 26, 1999 the parties appeared and entered a stipulation and agreement on the record resolving the partition of their community property. Mrs. Pittman's attorney later submitted a conforming judgment, which the trial court signed on June 15, 2000.
Because notice of judgment was sent to an incorrect address for Mr. Pittman, he was not properly served. Mr. Pittman, however, learned of the judgment and filed a motion to vacate the judgment on August 31, 2000. Mrs. Pittman countered with an exception of improper use of summary procedure, alleging that claims for nullity or rescission should be brought by ordinary proceedings. These matters came on for hearing on November 13, 2000. On November 21, 2000 the trial court entered judgment dismissing Mr. Pittman's motion to vacate but also ordering that he be properly served with the judgment of partition where he lived, reserving his right to ask for a new trial.
On November 21, 2000, Mr. Pittman filed a motion for a new trial on the basis of newly discovered evidence. The trial court denied the motion and this appeal followed. Mr. Pittman filed as assignment of error properly before us that the trial court committed error in failing to hold a hearing on his motion for new trial when the basis for the motion was new evidence that could not with due diligence have been ascertained before entry of judgment. He also alleges that the trial court erred *372 as a matter of law in holding that a consent judgment cannot be overturned by a motion for new trial asserting the discovery of new evidence and in granting Mrs. Pittman's exception of improper use of summary proceedings.

DISCUSSION
The established rule in this circuit is that the denial of a motion for new trial is not an appealable judgment absent a showing of irreparable harm. Morrison v. Dillard Department Stores, Inc., 99-2060, p. 2 (La.App. 1 Cir. 9/22/00), 769 So.2d 742, 744, writ denied, 00-3379 (La.2/02/01), 784 So.2d 646. An application for supervisory writs is the proper procedure to raise the denial of a motion for a new trial. See Axcess Global Communication of America Corp., v. Matsushita Electric Industrial Co., Ltd., 2001-2677 (La.2/01/02), 807 So.2d 222. Normally a party should appeal the merits of the case rather than the denial of a motion for new trial. In this instance, however, because the basis of Mr. Pittman's motion for new trial is the assertion of newly discovered evidence and an appeal from the merits would not provide him relief and could result in irreparable harm, we will consider this appeal as an application for supervisory writs from the denial of the motion for new trial.
Further, while a stipulated judgment is normally not appealable, La. C.C.P. art.2085, it can be appealed when a party indicates his consent was vitiated. Polk v. Polk, 98-1788, p. 3 (La.App. 3 Cir. 3/31/99), 735 So.2d 737, 739. "[U]nder LSA-C.C. art. 3079 and interpretative jurisprudence, contracts of compromise may be vitiated by error of fact bearing on the principal cause, and may be rescinded whenever there exists an error on the matter in dispute." Succession of Morvant, 578 So.2d 549, 554 (La.App. 3 Cir. 1991). In order for the trial court to determine whether or not Mr. Pittman's consent was vitiated, it would have to take evidence. In order to take evidence after rendering a final judgment, the trial court would have to grant a motion for a new trial.
A motion for a new trial does not require a contradictory hearing unless there is a clear showing, by affidavit, "of facts ... reasonably calculated to change the outcome or reasonably believed to have denied the applicant a fair trial." Cleary v. LEC Unwired, L.L.C., 2000-2532, p. 8 (La.App. 1 Cir. 12/28/01), 804 So.2d 916, 922.
Accordingly, we analyze the trial court's actions to assist us in determining the relief to which Mr. Pittman is entitled.
Mr. Pittman's alleged new evidence supporting his entitlement to a contradictory hearing on his motion for new trial included, in general terms, claims that Mrs. Pittman misrepresented her financial condition as an inducement to him to accept certain disadvantageous terms in their stipulated judgment and that she never intended to reimburse him for one-half of the community debts as provided in the stipulated judgment.
In denying Mr. Pittman's motion for new trial, the trial court reasoned that these claims could only be raised by ordinary proceeding, and not by a motion for new trial. The trial court stated, "It has to be to annul the judgment on fraud and ill practices. Here we are quite a number of months after stipulation was entered into and now___judgments would never be final if you could do what you're trying to do without showing it was fraud or ill practices."
In so holding, the trial court committed legal error. As this court stated in Terry v. Terry, 612 So.2d 808, 809 *373 (La.App. 1 Cir.1992), "The Louisiana Code of Civil Procedure provides three methods of seeking modification of a judgment in the trial court: a motion to amend judgment, a motion for a new trial, and an action for nullity of judgment. See LSA C.C.P. arts.1951, 1971 and 2001-2006 respectively." "The Louisiana Supreme Court has also recognized that, on its own motion, and with the consent of the parties, the trial court may amend a judgment substantively." Frisard v. Autin, 98-2637, p. 7 (La.App. 1 Cir. 12/28/99), 747 So.2d 813, 818. A proper vehicle for a substantive change in a judgment is a timely motion for new trial or a timely appeal. Terry, 612 So.2d at 809.[2]
Even so, a motion for a new trial does not always necessitate a contradictory hearing. Sonnier v. Liberty Mutual Ins. Co., 258 La. 813, 821, 248 So.2d 299, 302 (La.1971). But where the motion for new trial presents "the possibility that a contradictory motion might develop grounds for the trial judge to change his mind about his rulings ...," the Code of Civil Procedure may "clearly require" that a motion for new trial be set for contradictory hearing. Sonnier, 258 La. at 821-822, 248 So.2d at 302-303. Accordingly, we review the motion for new trial and attendant affidavits to analyze whether "the allegations in the motion were such as would `clearly require' a contradictory hearing." Evans v. Ivy, 428 So.2d 886, 888 (La.App. 1 Cir.1983).
In his motion for new trial and attending affidavits, Mr. Pittman alleges that he discovered evidence subsequent to the entry of the stipulated judgment that he could not, with due diligence, have obtained before or during trial. Particularly, he alleges that on the date assigned for trial, when the stipulations were entered, Mrs. Pittman materially misrepresented her financial status, stating that she was broke when she had in fact inherited several hundred thousand dollars. Mr. Pittman alleges he relied on these misrepresentations to his detriment in attempting to reach a settlement on the partition of community property and would not have entered the proposed settlement had he known Mrs. Pittman's true financial status. He alleges as fact that on the day the stipulations were entered, he could not have "accurately" known of Mrs. Pittman's inheritance from her father, who died five days prior to the entry of the stipulated judgment.
Mr. Pittman further alleges that Mrs. Pittman never intended to pay him $30,000 to $40,000 she owed him and that she had no intent of honoring a stipulation that she would not contact community creditors. He further alleges that she apparently had other income and assets, which would have negated her representations of poverty.
These allegations, if true, do not state adequate grounds to establish that it was an abuse of discretion to deny Mr. Pittman a contradictory hearing on his motion for new trial. Although, the trial court was mistaken legally in its opinion that a motion for new trial was not the proper procedure, it was not an abuse of the court's discretion to deny the motion for new trial where Mr. Pittman had an adequate remedy at law. The issues presented were new and would require additional discovery and a trial. A separate proceeding, although not required, could *374 be a better procedural vehicle for raising these issues. An appellate court should not substitute its own opinion for that of the trial court when there are alternative remedies.

DECREE
For the forgoing reasons, we find the ruling of the trial court was not erroneous.
WRIT DENIED.
GUIDRY, J., concurs in the result.
KUHN, J., concurs and assigns reasons.
KUHN, Judge, concurring.
I concur in the result. The trial court properly denied the motion for new trial. The record fails to establish peremptory grounds for a new trial under La. C.C.P. art.1972 or that there is a "good ground" for a new trial under La. C.C.P. art.1973. The facts alleged in Mr. Pittman's affidavit supporting his motion for new trial have no bearing on the validity of the compromise between the parties. The compromise effected a partition of the parties' community property and has the force of law between the parties. La. C.C. art. 3078. It may be rescinded in only four cases: 1) error in the person, 2) error on the matter in dispute, 3) fraud or 4) violence. La. C.C. art. 3079. The allegations do not demonstrate any of these situations.
The fact that Mrs. Pittman may have inherited separate funds upon the death of her father has no bearing on the "matter in dispute," which was a division of the parties' community property. Further, La. C.C. art.1949 provides that "Error vitiates consent only when it concerns a cause without which the obligation would not have been incurred and that cause was known or should have been known to the other party." The circumstances alleged by Mr. Pittman do not suggest that Mrs. Pittman should have known that Mr. Pittman would not have entered into the compromise if he had known that she had inherited property upon her father's death. See the Revision Comments following La. C.C. art.1949.
The fact that Mrs. Pittman may not have disclosed her "true financial status" prior to the compromise was a normal means of negotiation rather than any type of fraud or ill practice.
Mr. Pittman's appeal, converted by the majority to a writ, cannot be considered as an appeal of the initial judgment of partition of the community property. That judgment, now final, is not appealable at this time. Furthermore, as demonstrated by the conversion of the appeal to a writ, the only error raised by Mr. Pittman is that the trial court erred in denying the motion for a new trial. Denial of the writ is the correct result.
NOTES
[1] Mr. Pittman also appeals the denial of his motion for contempt against Mrs. Pittman. The judgment appealed, however, does not dispose of this issue. It merely resets the hearing on this issue to a later date. In fact, nothing in the record before us indicates that the contempt matter has yet been adjudicated. Accordingly, we dismiss Mr. Pittman's appeal insofar as it questions the trial court's denial of the motion for contempt.
[2] Mr. Pittman assigns as error the trial court's ruling that his "motion to vacate" was an improper use of summary proceedings. Without addressing whether Mr. Pittman was attempting to employ impermissible procedures, we agree that a motion to vacate is not an acceptable procedure for reforming judgments. We can find no authority under Louisiana law allowing a judgment to be modified or rescinded by a motion to vacate.