888 So.2d 247 (2004)
Charles SCHRAM for Himself and as Representative of Certain Under Writers at Lloyd's London
v.
James A. CHAISSON d/b/a Global Insulators and Environmentally Safe Products, Inc.
No. 2003 CA 2307.
Court of Appeal of Louisiana, First Circuit.
September 17, 2004.
*248 Philip S. Brooks, Jr., John D. Fitzmorris, Jr., New Orleans, Counsel for Plaintiff/Appellee Charles Schramm.
Gordon J. Hamner, Houma, Counsel for Intervenors/Appellants Fister Enterprises, Inc., James Gary Fister, Linda Fox Fister, and Thunder Chicken Thoroughbred Farms, Inc.
James R. Silverstein, Francis H. Brown, III, New Orleans, Counsel for Defendant/Appellee Emerson Electric Company.
Before: FOIL, KUHN, and McDONALD, JJ.
KUHN, J.
Following a trial in which the jury returned a verdict that precluded recovery by intervenors, Fister Enterprises, Inc., Thunder Chicken Thoroughbred Farms, Inc. ("Thunder Chicken"), James Gary Fister and Linda Fox Fister, they appeal seeking a de novo review on the basis that the jury interrogatories were legally defective. Finding that the trial court did not abuse its discretion in presenting the pertinent issues to the jury for determination pursuant to the jury interrogatories and verdict form, we affirm.
In the proceedings below, intervenors sought to recover damages resulting from the death of multiple thoroughbred racing horses after a fire occurred in the Fisters' barn. Suit was initially filed by plaintiff, Schramm, for himself and as representative of Certain Underwriters at Lloyds *249 London, who had issued a policy of livestock insurance to Thunder Chicken insuring several of the horses. After the fire, Schramm sued Emerson Electric Company ("Emerson") to recover amounts paid pursuant to that policy. Intervenors also sought to recover uninsured losses from Emerson.[1] Plaintiff and intervenors claimed that Emerson manufactured an electric fan motor that was used in the barn and that the fan motor allegedly caused the fire when it failed to shut down after overheating. Plaintiff and intervenors asserted that the fan motor was unreasonably dangerous within the meaning of Louisiana's Products Liability Act, Louisiana Revised Statutes 9:2800.51 et seq.
After trial of the matter, the jury answered the following "Jury Interrogatories and Verdict Form":

JURY INTERROGATORIES AND VERDICT FORM
NINE OF YOU MUST AGREE ON THE ANSWERS TO EACH OF THE FOLLOWING QUESTIONS WHICH APPLY:

 (1) Was the motor manufactured by Emerson Electric unreasonably dangerous in
 construction or composition because of a condition which existed when it left
 the control of Emerson Electric Company?
 Yes Ø No 12 
 If you answered "No" please proceed to question number 3.
 If you answered "Yes" proceed to the next question.
 (2) Did this unreasonably dangerous condition in construction or composition in
 the motor manufactured by Emerson Electric Company cause the fire?
 Yes _______________ No _______________
 Please proceed to the next question.
 (3) Was the motor manufactured by Emerson Electric unreasonably dangerous in
 design?
 Yes Ø No 12 
 If you answered "No" please proceed to question number 5.
 If you answered "Yes" proceed to the next question.
 (4) Did this unreasonably dangerous condition in design in the motor manufactured
 by Emerson Electric Company cause the fire?
 Yes _______________ No _______________
 Please proceed to the next question.
 (5) Was the motor manufactured by Emerson Electric unreasonably dangerous
 because of an inadequate warning by Emerson Electric Company?
 Yes Ø No 12 
 If you answered "No" please proceed to question number 7, unless you
 answered "No" to questions 1 and 3 also. In that event, please return the jury
 verdict form and deliberate no further.
 If you answered "Yes" proceed to the next question.
 (6) Did this unreasonably dangerous condition of an inadequate warning by
 Emerson Electric Company cause the fire?
 Yes _______________ No _______________
 If you answered "No" to all of questions 1 through 6, please return the jury
 verdict form and deliberate no further. Otherwise, proceed the next question.
 (7) Did the plaintiffs suffer any damages as a result of the fire?
 Yes _______________ No _______________
 If you answered "No" please return the jury verdict form and deliberate no
 further.

*250
 If you answered "Yes" proceed to the next question.
 (8) Was anyone else, including the plaintiffs, at fault in causing the fire?
 Yes _______________ No _______________
 If you answered "No" proceed to question 10.
 If you answered "Yes" proceed to the next question.
 (9) List the percentage of fault (1% to 100%) for which you find any other person
 or entity responsible for causing this fire.
 James Gary Fister ____________%
 Thunder Chicken Thoroughbred Farms, Inc. ____________%
 All other persons or entities ____________%
 Please proceed to the next question
 (10) Please state what sum of money, if any, would reasonably and fairly compensate
 James Gary Fister and/or Thunder Chicken Thoroughbred Farms, Inc.
 for the following damages which you find were caused by the fire of April 12,
 1999. Do not adjust the amount because of anyone's fault.
 (A) Mental Anguish and Distress of
 James Gary Fister as a result of witnessing
 the fire and its destruction: ____________
 (B) Loss of Business Profits by Thunder
 Chicken Thoroughbred Farms, Inc.: ____________
 (C) Past Medical Expenses of Horses: ____________
 (D) Future Medical Expenses and Maintenance
 Expenses of Surviving
 Horses: ____________
 (E) Lost Property:
 i. Barn ____________
 ii. Horses ____________
 iii. Equipment ____________
 That concludes your deliberations.
 The foreperson should sign and date this form upon completion.
 Houma, Louisiana, this 30 day of May, 2002.
 /s/ Darlene D. Fangue
 FOREPERSON
 FILED
 May 30 2002
 /s/ ___________________
 Deputy of Clerk of Court
 Parish of Terrebonne, LA

Based on the verdict form, the trial court signed a judgment in favor of Emerson and against plaintiff and intervenors, dismissing their claims with prejudice.[2] Thereafter, plaintiff and intervenors filed a motion for a judgment notwithstanding the verdict and, alternatively, for a new trial, which the trial court denied. Intervenors appealed, asserting it was error for the trial court to formulate jury interrogatories which did not: 1) clearly present the issue of product deviation from performance standard; 2) clearly present each of the *251 inadequate warning issues; 3) clearly present the post sale duty to warn issue; 4) permit the jury to find that the fan motor was being used in a reasonable anticipated use; and 5) permit the jury to award damages.[3]
Under the guidelines of Louisiana Code of Civil Procedure article 1812, the trial court is given wide discretion in determining and framing questions to be posed as special jury interrogatories, and absent some abuse of that discretion, this court will not set aside those determinations. Grayson v. R.B. Ammon and Associates, Inc., 99-2597, p. 11 (La.App. 1st Cir.11/3/00), 778 So.2d 1, 11, writs denied, XXXX-XXXX, XXXX-XXXX (La.1/26/01), 782 So.2d 1026, 1027. Article 1812A provides, in relevant part:
[T]he court may submit to the jury written questions susceptible of categorical or other brief answer, or may submit written forms of the several special findings which might properly be made under the pleadings and evidence, or may use any other appropriate method of submitting the issues and requiring the written findings thereon. The court shall give to the jury such explanation and instruction concerning the matter submitted as may be necessary to enable the jury to make its findings upon each issue....
If the trial court submits a verdict form to the jury with misleading or confusing interrogatories, just as when it omits to instruct the jury on an applicable essential legal principle, such interrogatories do not adequately set forth the issues to be decided by the jury and may constitute reversible error. Bradbury v. Thomas, XXXX-XXXX, p. 19 (La.App. 1st Cir.9/24/99), 757 So.2d 666, 679.
Intervenors do not contest that the court has wide discretion in utilizing a special verdict to assist a jury in arriving at a verdict. They argue, however, that, in this case, the special verdict interrogatories did not present adequately, clearly, and fairly the issues to be determined by the jury; intervenors contend that the interrogatories did not allow for consideration of the specific factual scenarios presented in this case, resulting in legal error. As such, they urge that this court should reverse the verdict and render a de novo judgment.[4]
*252 To determine the adequacy of jury interrogatories, the pertinent law governing the specific type of case presented should be reviewed. Id. Accordingly, we turn to the pertinent law regarding products liability and the issues raised on appeal to determine if the jury interrogatories were so misleading or confusing as to constitute reversible error.
Louisiana Revised Statutes 9:2800.54 provides, in pertinent part:
A. The manufacturer of a product shall be liable to a claimant for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product by the claimant or another person or entity.
B. A product is unreasonably dangerous if and only if:
(1) The product is unreasonably dangerous in construction or composition as provided in R.S. 9:2800.55;
(2) The product is unreasonably dangerous in design as provided in R.S. 9:2800.56; [or][5]
(3) The product is unreasonably dangerous because an adequate warning about the product has not been provided as provided in R.S. 9:2800.57.
...
C. The characteristic of the product that renders it unreasonably dangerous under R.S. 9:2800.55 must exist at the time the product left the control of its manufacturer. The characteristic of the product that renders it unreasonably dangerous under... 9:2800.57 must exist at the time the product left the control of its manufacturer or result from a reasonably anticipated alteration or modification of the product.
Footnote added.
Louisiana Revised Statutes 9:2800.55 provides:
A product is unreasonably dangerous in construction or composition if, at the time the product left its manufacturer's control, the product deviated in a material way from the manufacturer's specifications or performance standards for the product or from otherwise identical products manufactured by the same manufacturer.
Louisiana Revised Statutes 9:2800.57 sets forth:
A. A product is unreasonably dangerous because an adequate warning about the product has not been provided if, at the time the product left its manufacturer's control, the product possessed a characteristic that may cause damage and the manufacturer failed to use reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of the product.
B. A manufacturer is not required to provide an adequate warning about his product when:
(1) The product is not dangerous to an extent beyond that which would be contemplated by the ordinary user or handler of the product, with the ordinary *253 knowledge common to the community as to the product's characteristics; or
(2) The user or handler of the product already knows or reasonably should be expected to know of the characteristic of the product that may cause damage and the danger of such characteristic.
C. A manufacturer of a product who, after the product has left his control, acquires knowledge of a characteristic of the product that may cause damage and the danger of such characteristic, or who would have acquired such knowledge had he acted as a reasonably prudent manufacturer, is liable for damage caused by his subsequent failure to use reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of the product.
Intervenors concede that the trial court properly instructed the jury on all of the pertinent law; they raise no assignments of error regarding the manner in which the court instructed the jury. Intervenors assert, however, that the jury interrogatories were misleading and inadequate in the following respects.
In their first assignment of error, intervenors urge that jury interrogatory Number 1 did not adequately address whether the motor deviated from the performance standard established by the manufacturer. They submit that Interrogatory Number 1, as formulated by the trial judge, was misleading because it lead the jury to believe that "the evidence of a fusion or welding together of the discs and contacts of the thermal protector ... was a defect in the thermal protector that had to exist at the time the motor left the control of the manufacturer in order for [intervenors] to recover, but in fact the welding together or fusion occurred during operation of the fan after purchase by [intervenors]." Additionally, intervenors challenge the use of the word "condition" in the first interrogatory.
We find no merit in intervenors' first assignment of error for the reasons expressed by the trial court in its November 25, 2002 reasons for judgment denying intervenors' motion for judgment notwithstanding the verdict and alternatively for a new trial. Therein, the trial court found, in pertinent part as follows:
In effect, the jury interrogatory substituted the word "condition" to refer to any deviation as described by the statute that the product may have had. The substitution was made to simplify the jury's task and avoid an otherwise convoluted question which, more probably than not, would have confused the jury. It is unlikely that the interrogatory as written misled the jury in any way, inasmuch as the provisions of La. R.S. 9:2800.55 were read to the jury verbatim at the time the jury was charged.
[Intervenors urge] that the first jury interrogatory misled the jury into believing that it could not find a manufacturing defect in the motor at issue, even if it believed the motor was unreasonably dangerous, because the discs and contacts of the thermal protector within the motor welded or fused together after the motor left Emerson's control. This is not correct. Based on the jury instructions detailing the requisites for a manufacturing defect, the jury could have concluded that the propensity of the thermal protector to weld or fuse together after the motor left Emerson's control was a "condition" of the motor which made it unreasonably dangerous in construction or composition at the time it left Emerson's control. Under the instructions given to the jury, it was not precluded from finding that this alleged propensity was a deviation in a *254 material way from the manufacturer's specifications or performance standards for the motor or otherwise identical motors manufactured by Emerson.
The record confirms that the jury was specifically instructed regarding the principle of law set forth in Louisiana Revised Statutes 9:2800.55. Intervenors have not established that the interrogatory was not in conformity with the law, or otherwise confusing or prejudicial. See Ford v. Beam Radiator, Inc., 96-2787, p. 5 (La.App. 1st Cir.2/20/98), 708 So.2d 1158, 1160; Young v. First National Bank of Shreveport, 34,214, p. 14 (La.App.2d Cir.8/22/01), 794 So.2d 128, 139-140, writ not considered, 2001-2762 (La.1/4/02), 805 So.2d 1195; Tramontin v. Glass, 95-744, p. 13 (La.App. 5th Cir.1/30/96), 668 So.2d 1252, 1259. Mindful of the wide discretion afforded to the trial court in framing jury interrogatories, we find no abuse of discretion regarding the language contained in Interrogatory Number 1.
In assignment of errors two and three, intervenors assert that the jury interrogatories did not adequately address the relevant duty to warn issues premised upon Louisiana Revised Statutes 9:2800.57. Intervenors urge, "The interrogatories were defective because they failed to give the jury the essence of the law in light of the facts of the case." Intervenors had requested multiple interrogatories incorporating each specific theory argued.
The court may require a jury to return a verdict in the form of a special written finding upon each issue of fact. La. C.C.P. art. 1812(A). The determination of whether to submit interrogatories on each factual issue, however, is a matter within the trial court's broad discretion. See Tramontin v. Glass, 95-744 at p. 13, 668 So.2d at 1258-1259. Absent an abuse of that discretion, the appellate courts will not set aside such a determination. Id. After examining the record in this matter, we find no abuse of discretion in interrogatory number 5, because it was broadly worded to encompass all of intervenors' failure to warn claims. Because the instructions properly informed the jury regarding the pertinent law regarding all issues pertaining to Emerson's duty to warn, the jury was not precluded from reaching a decision regarding the warning issues based on the correct law and facts. The trial court is not required to frame interrogatories directing consideration to each factual scenario and legal contention raised by the litigants. The fact that the question posed regarding inadequate warnings was generally worded does not constitute an abuse of discretion.
Intervenors further challenge the jury interrogatories because they did not pose the question of whether intervenors had used the motor in a "reasonable anticipated use" as defined by Louisiana Revised Statutes 9:2800.53(7). Emerson argued throughout the trial that intervenors had failed to follow the installation instructions included in the owner's manual, neglecting to use the motor in a manner reasonably anticipated by it. The record establishes the jury was properly instructed that: 1) intervenors carried the burden of proving that they sustained damage arising from a "reasonably anticipated use" of the motor, and 2) "reasonably anticipated use means the use or handling of the motor that the manufacturer should reasonably expect of an ordinary person in similar circumstances." Intervenors have not established that they were prejudiced by the verdict form's failure to include a question regarding "reasonably anticipated use." Thus, we find no abuse of discretion in the trial court's determination not to pose an interrogatory regarding this issue.
*255 Lastly, intervenors contend that the trial court erred in formulating jury interrogatories that did not permit the jury to award damages to them. Intervenors do not actually challenge the wording of Interrogatory Number 10, which addressed damages. Rather, they urge that this court should conduct a de novo review of the record and determine whether they are entitled to recover damages. Because intervenors have not established legal error, the jury verdict has not been interdicted and they are not entitled to a de novo review by this court.
For these reasons and in accordance with Uniform Court of Appeal Rule 2-16.1B, we affirm the trial court's May 30, 2002 judgment in favor of Emerson Electric Company that dismissed intervenors' claims with prejudice and the trial court's October 31, 2002 judgment denying intervenors' motion for judgment notwithstanding the verdict and alternatively for a new trial. Costs of this appeal are assessed against intervenors-appellants.
AFFIRMED.
NOTES
[1] Numerous other parties were involved in this litigation, but the claims against these other parties have been dismissed and are not pertinent to this appeal.
[2] Because the jury did not answer interrogatories 1, 3, and 5 with a "yes" or "no" response, the trial court polled the jury to confirm that each jury member had answered "no" to these questions.
[3] Intervenors' petition for appeal states that they devolutively appeal the trial court's final judgment rendered on November 27, 2002. The trial court's judgment, which denied the motion for judgment notwithstanding the verdict and alternatively for a new trial, was signed on October 31, 2002, but was filed in the record on November 27, 2002. Accordingly, we infer that intervenors' intended to appeal the trial court's October 31, 2002 judgment. We initially note, "[T]he denial of a motion for new trial is not an appealable judgment absent a showing of irreparable harm." Pittman v. Pittman, 01-2528, p. 3 (La.App. 1st Cir.12/20/02), 836 So.2d 369, 372, writ denied, 03-1365 (La.9/19/03), 853 So.2d 642. However, "the supreme court has directed us to consider an appeal of the denial of a motion for new trial as an appeal of the judgment on the merits as well, when it is clear from the appellant's brief that he intended to appeal the merits of the case." Carpenter v. Hannan, 01-0467, p. 4 (La.App. 1st Cir.3/28/02), 818 So.2d 226, 228-229, writ denied, 02-1707 (La.10/25/02), 827 So.2d 1153. Accordingly, we consider intervenors' appeal as an appeal of the merits of the underlying judgment. Shultz v. Shultz, 2002-2534, p. 3 (La.App. 1st Cir.11/7/03), 867 So.2d 745, 746-747.
[4] Pursuant to Louisiana Code of Civil Procedure article 1812A, a party is required to object to the court's failure to give a particular interrogatory before the jury retires to deliberate. In the instant case, intervenors did not object to the jury interrogatories until immediately after the jury retired and could be found to have waived their objections. However, because Louisiana Code of Civil Procedure article 1812B also provides that the court shall provide a reasonable opportunity for the parties to make objections, and it is not apparent that intervenors were afforded this opportunity before the jury retired, we address intervenors' objections rather than pretermitting them.
[5] Intervenors asserted at trial that the fan motor was unreasonably dangerous in design pursuant to Louisiana Revised Statutes 9:2800.56. On appeal, however, they have not assigned error challenging the jury interrogatory pertaining to the motor's design. Accordingly, we pretermit reference to this theory of recovery.