ROBERT A. CHAISSON, Judge.
| ¡¡This is an appeal by David Martin from a judgment in favor of A-l Home Appliance Center, Inc. (A-l), and its insurer, Hanover Insurance Company, in this delic-tual action arising out of an in-home accident during delivery of a refrigerator. For the following reasons, we affirm that judgment.
FACTS AND PROCEDURAL HISTORY
Mr. Martin bought a refrigerator from A-l. The salesman advised him that for an additional $75 fee, A-l would have the refrigerator delivered to his home. In addition to the purchase price, Mr. Martin paid the $75 delivery fee to A-l by check. Some time later, he received a phone call advising him that the refrigerator would be delivered the next day. The next day, he received a phone call in which the caller indicated that it was A-l, and that they were in his area and ready to deliver his refrigerator. Mr. Martin had no knowledge of whether the delivery was to be made by A-l employees, or by an independent delivery service, and he did not ask that of the salesman or the person who called him for the delivery. Mr. Martin assumed that the delivery was being made by A-l employees.
Mr. Martin testified that while the deliverymen were attempting to lift the refrigerator over his kitchen counter, it appeared to him that they were losing control of the refrigerator and that it was tipping over. He further testified that no one asked him to assist with the moving of the refrigerator; however, in order to stop it from falling over, he grabbed one of the sides of the refrigerator. When he did this, the weight of the refrigerator shifted to Mr. Martin and resulted in him tearing the bicep in his right arm. Mr. Martin required surgery and rehabilitation to repair the injury to his arm. Mr. Martin also subsequently experienced problems with his right shoulder that he attributed to the prolonged inability to use his arm. He required two surgeries and extensive rehabilitation to repair that injury. This suit followed.
Mr. Martin subsequently learned that A-l had contracted with Johnson Delivery Service (“Johnson”) to make deliveries of appliances, and it was this company which made the delivery of his refrigerator. Johnson was named as a defendant, and it and its insurer settled Mr. Martin’s claim for $100,000. After a trial against A-l, the jury returned a verdict finding Johnson negligent, but exonerating A-l. The trial judge entered judgment in A-l’s favor, as per the verdict, and subsequently denied Mr. Martin’s motion for a new trial. Mr. Martin now appeals the judgment.
Mr. Martin urges two assignments of error, both of which raise the same issue, i.e., did the trial judge err in not giving a *283 jury instruction as to “apparent authority?” There is no dispute that Johnson was a separate entity from A-l, that it was an independent contractor, and that A-l did not exercise any control over its activities. A-l did not hire Johnson employees, did not pay them and did not supervise them. The Johnson delivery truck had no markings on it and the deliverymen all wore Johnson uniforms. It is also not disputed that the jury was properly instructed as to the law applicable to cases of master and servant arising under La. C.C. art. 2320, and that it properly found in favor of A-l under that law. Mr. Martin argues that the principle of “apparent authority” is a second and distinct |4basis upon which to impose liability on A-l, and that the trial judge erred in failing to give the requested jury charge on this theory of liability.
LAW AND ANALYSIS
A trial court is afforded wide discretion in determining and framing questions to be posed as special jury interrogatories. Schram v. Chaisson, 03-2307 (La.App. 1st Cir.9/17/04), 888 So.2d 247, 251. Louisiana Code of Civil Procedure Article 1792(B) requires that a trial court instruct jurors on the law applicable to the cause submitted to them. In Fisher v. River Oaks, Ltd., 93-677 (La.App. 5 Cir. 3/16/94), 635 So.2d 1209, 1213, unit denied, 94-0932 (La.6/3/94), 637 So.2d 503, the Court stated:
The trial judge is not required to give the precise instructions submitted by either party. Jones v. Liberty Mut. Ins. Co., 568 So.2d 1091, 1094 (La.App. 5th Cir.1990). The trial judge must only give instructions which properly reflect the law which is applicable to the facts of a particular case. Jones v. Liberty Mutual, at 1094. Adequate jury instructions are those which fairly and reasonably point up the issues and which provide correct principles of law for the jury to apply to those issues. Jones v. Liberty Mutual at 1094. The adequacy of jury instructions must be determined in light of the instructions as a whole and the manifest error standard of review may not be ignored unless the instructions were so incorrect or inadequate as to preclude the jury from reaching a verdict based on the law and the facts. Jones v. Liberty Mutual at 1094.
In the case before us, the trial court gave the following jury instructions regarding master/servant liability, vicarious liability and independent contractor liability:
Masters and employers are answerable for the damages occasioned by their servants and overseers, in the exercise of the function in which they are employed.
For purposes of determining an employer’s vicarious liability in tort, it is not the actual supervision or control which is actually exercised by the employer that is significant for determining whether the employee is an independent contractor or a mere servant, but whether, from the nature of the relationship, the right to such supervision or control exists.
| {¡Vicarious liability is based on Louisiana Civil Code Article 2320 which provides in pertinent part; again, this is kind of a repeat:
“Masters and employers are answerable for the damage occasioned by their servants and overseers in the exercise of the functions in which they are employed.”
Under Codal Article 2320, an employer can be held liable for an employee’s tortuous conduct only if the injuring em *284 ployee is acting within the course and scope of his employment.
The distinction between employee and independent contractor status is a factual determination to be decided on a case-by-case basis.
The Louisiana Supreme Court has found the following five factors to be relevant in determining whether the relationship of principal and independent contractor exists:
1. There is a valid contract between the parties;
2. The work being done is of an independent nature such that any contractor may employ non-exclusive means in accomplishing it;
3. The contract calls for specific piece work as a unit to be done according to the independent contractor’s own methods, without being subject to the control and direction of the principal, except as to the result of the services to be rendered;
4. There is a specific price for the overall undertaking agreed upon, and;
5. The duration of the work is for a specific time and not subject to termination or discontinuation at the will of either side without a corresponding liability for its breach.
The most important factor to consider in determining whether an employer/employee or independent contractor relationship exists for the purposes of Article 2320 of the Civil Code, is the right of the employer to control the work of the employee. The right of control necessarily encompasses supervision, selection and engagement, payment of wages, and the power to dismiss.
Mr. Martin requested the trial court give, in addition to these charges, an additional jury charge on an “apparent authority” theory of liability. Mr. Martin relies on the case of Independent Fire Insurance Company v. Able Moving and Storage Company, Inc., 94-1982 (La.2/20/95), 650 So.2d 750, 752, for the | fiproposition that when a principal clothes another with the apparent authority to act for it, the principal is liable for the delictual acts of that other where the victim has relied to his detriment on that apparent authority. Thus, the question before us in this case is thus whether Mr. Martin actually “relied” on that alleged authority. Here, there are no facts to establish that Mr. Martin ever “relied” on any representations regarding who the individuals were that would actually deliver the refrigerator, or by whom those individuals were employed. The Court in Able Moving explained that in order for there to be liability under a theory of “apparent authority,” a person must have “changed his position because of [his] belief’ as to the responsible party. Id. at 752.
Mr. Martin testified that he went to the A-l store with his wife to buy a refrigerator. They picked one out and decided to buy it. The salesman informed them that A-l would have the refrigerator delivered to their home for an extra $75 delivery fee. The Martins paid the additional $75 fee to A-l for this service. The Martins made no inquiry as to how or by whom the delivery would be made, and at no point in the transaction did they ever bring up this subject. The object of the Mai'tins’ transaction with A-l was the purchase of a refrigerator. Common considerations in deciding on the purchase of an appliance tend to be the price, the manufacturer, the make and model, the features of the appliance, and the seller’s reputation for sales and service. While the identity of the entity which is ultimately liable for the tortious conduct of the deliverymen might be a consideration in such a purchase, no evidence to that effect was introduced in this case. Unlike the plaintiff in Able Moving, who specifically sought out defendant Bekins for their skill and reputation *285 as movers to accomplish the object of her transaction, i.e., to move her furniture, Mr. Martin introduced no evidence to show that the identity of the actual employer of the deliverymen was such an important factor to him that he |7wouId not have made the purchase had he been informed that an independent contractor would make the delivery. Thus, there is no evidence whatsoever to show any change of position because of any representations made by A-l.
Mr. Martin cites language in the Able Moving case taken from the Restatement (Second) of Agency (1958) to the effect that “change of position” indicates a “payment of money,” and argues that he did in fact pay money to A-l. While that is true, there was no showing that he would not have made the payment had he known the facts of the delivery process, or that this process was even a consideration in the purchase of the appliance from A-l.
In this factual circumstance, we find that the jury charges given by the trial court on master/servant liability, vicarious liability and independent contractor liability were adequate to fairly and reasonably point up the issues in this case and provided correct principles of law for the jury to apply to those issues. We further find that the rule of Able Moving regarding an “apparent authority” theory of liability is inapplicable to this case, and therefore, the trial court did not err in declining to give a separate jury instruction on an “apparent authority” theory of liability.
DECREE
For the foregoing reasons, the judgment based on the verdict of the jury is hereby affirmed.

AFFIRMED